IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:06-CR-011-D |
| VS. | § | |
| | § | |
| NANCY HARLOW, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Nancy Harlow ("Harlow") filed four pretrial motions on February 27, 2006 that the court addresses in this memorandum opinion and order: motion for examination and inspection pursuant to *Brady vs. Maryland*; motion to disclose grants of immunity; motion for discovery and inspection; and motion for production of statements of witness.[*]  The government has filed its consolidated response.  The court addresses the motions in order.

I

*Motion for Examination and Inspection
Pursuant to* Brady vs. Maryland

Harlow moves the court under *Brady v. Maryland*, 373 U.S. 83 (1963), to order the government to disclose and permit her to examine and copy any and all evidence of any nature whatsoever, the names of any witnesses, the statements of any potential witnesses in the government's possession, custody, or control, the existence of which is known or by the exercise of reasonable diligence may become known to the attorney for the government, which would tend

---

[*]Harlow has also filed a motion *in limine* to prohibit proof of extraneous offenses.  The court typically addresses motions *in limine* at the pretrial conference, and it will do so in this case.

to exculpate her of the charges or affect the punishment.   The government responds that it will comply with the requirements of *Brady* and its progeny.

To the extent Harlow's request falls within the scope of *Brady*, because the government has agreed to comply with its obligations thereunder, the motion is denied as moot.   The court orders the government to provide Harlow the names of its witnesses at the time it files its witness list, as required by the local criminal rules and the applicable pretrial order entered by the court.   It must disclose witness statements in accordance with the requirements of Fed. R. Crim. P. 26.2, except that, in accordance with the custom in this district, it must disclose such statements no later than the end of the business day that precedes the date on which Harlow will begin her cross-examination of a witness.   To the extent she seeks greater relief, her motion is denied.

II

*Motion to Disclose Grants of Immunity*

Harlow moves the court to disclose any formal or informal grants of immunity given to any person who has testified before the grand jury that investigated the transaction that resulted in the return of the indictment in this case, or any person who the government anticipates it will call as a witness, and to disclose the specifics of the grants of immunity and to tender any and all documentation related to the grants of immunity.   The government responds that no government witness has been granted immunity, but if any is, that fact will be disclosed.

The court assumes from the government's response that by "witnesses" it also means persons who testified before the grand jury but who may not be called to testify at trial.   Based on this understanding, it appears that the motion is moot.   Even if it is, the court expects the government to comply with its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972).   The

- 2 -

motion is therefore denied without prejudice as moot.

III

*Motion for Discovery and Inspection*

Harlow moves the court to order the government under Rules 16 and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady*, and the Fifth and Fourteenth Amendments to produce and disclose and permit her to inspect, copy, or photograph 13 categories of information, objects, papers, documents, tangible objects. The government responds that it will provide the discovery required by law and that most of what Harlow requests is unobjectionable because it is covered by the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. The government does oppose the requests in categories 9 and 13.

The court expects the government to comply, as it has acknowledged, with its obligations under Rules 16 and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady*, and any applicable Federal Rule of Evidence. To that extent, Harlow's motion is denied as moot.

In category 9, Harlow requests all arrest and conviction records of all persons the government intends to call as witnesses in its case in chief. The government responds that it will provide conviction records for felonies and crimes of moral turpitude, but it objects to producing other arrest records and certain misdemeanor records on the ground that they cannot be used at trial. Without suggesting that any evidence that exceeds the scope of Fed. R. Evid. 609(a) will be admissible at trial, the court grants Harlow's request for production of arrest and conviction records of all persons the government intends to call as witnesses in its case in chief. Such production will enable her to challenge, if necessary, the government's characterization of a conviction and will also enable her to use this information, if admissible, as grounds for cross-examining a witness under

Fed. R. Evid. 608(b).

In category 13, Harlow requests any and all information obtained or to be obtained by the government regarding the jury panel or members thereof.  The government asserts that any such information is not discoverable.  The court will expect the government to disclose such information to the extent disclosure is required by *Brady* or *Giglio*.  Otherwise, the request is denied as exceeding what Rule 16 or any other authority requires.

IV

*Motion for Production of Statements of Witness*

Harlow moves for production of witness statements under 18 U.S.C. § 3500 or Rule 26.2, either before trial or when the witness completes his direct examination in the government's case.  The government agrees to produce such statements as directed by the court, and it indicates that it generally intends to produce the statements the day before the witness is expected to testify.  In view of the government's response, the court denies the motion as moot.  The government must produce the statements in accordance with § V of this memorandum opinion and order.

V

Except to the extent the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than April 26, 2006 at noon with the disclosure obligations imposed by this

order.  If disclosure of information concerning a jury panel member is required under *Brady* or

*Giglio* and the information is not obtained until after April 26, 2006, such disclosure must be made

promptly after the information is obtained.

      **SO ORDERED**.

      March 27, 2006.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE