IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:06-CR-011-D |
| VS. | § | |
| | § | |
| NANCY HARLOW, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant Nancy Harlow ("Harlow") of the offenses of corruptly obstructing, influencing, or impeding an official proceeding, or attempting to do so, in violation of 18 U.S.C. § 1512(c); making false declarations under oath before the federal grand jury, in violation of 18 U.S.C. § 1623; and knowingly and willfully conspiring to corruptly obstruct, influence, or impede an official proceeding, that is, a federal grand jury investigation, or to attempt to do so, in violation of 18 U.S.C. § 1512(k). Harlow testified during the trial. Because the court finds that she committed perjury during her testimony, the court directs the probation officer to add a two-level increase to the advisory guideline offense level for obstruction of justice, and it enters these tentative findings in support of this determination.

I

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution . . . of the instant offense . . . ." "Though the court may not penalize a defendant for denying [her] guilt as an exercise of [her] constitutional rights, a sentence may be enhanced if the defendant commits perjury." *United States v. Como*, 53 F.3d 87, 89 (5th Cir.

1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)).  Under the Sentencing Guidelines, the court is required to enhance a sentence upon a proper determination that the accused committed perjury at trial.  *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[*]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury."  U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2005 Manual).  Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory.  *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)).  Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury."  *Dunnigan*, 507 U.S. at 95.  Because there are reasons why a defendant may testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n. 2 (Nov. 1, 2005 Manual), "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out."  *Dunnigan*, 507 U.S. at 95.  "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding."  *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on

---

[*]The court recognizes that the Guidelines are advisory.  But it must normally calculate the guideline range.  *See United States v. Johnson*, 445 F.3d 793, 797 (5th Cir.) ("This duty to 'consider' the Guidelines will ordinarily require the sentencing judge to determine the applicable Guidelines range even though the judge is not required to sentence within that range."), *cert. denied*, ___ U.S. ___, 126 S.Ct. 2884 (2006).

each element of the alleged perjury). "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3. "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well established in this circuit that as a general matter the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Harlow committed perjury during her trial testimony.

Using a preponderance of the evidence standard, and based upon the evidence adduced at trial, including defendant Harlow's testimony, the court finds that at least the following testimony constituted (1) false testimony by Harlow, (2) given under oath at trial, (3) concerning a material matter, (4) that Harlow did not believe to be true, and (5) that she gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court finds that Harlow gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offense.

The testimony on which the court bases the perjury enhancement is as follows:

(1) that she did not lie to the grand jury;

(2) that she did not present false evidence to the grand jury;

(3) that she did not fabricate any of the documents that she provided to the grand jury;

(4) that her relationship with American Liquidators began when a gentleman named Eddie contacted her and said that he had gotten her name from someone at Chaparral that told him she supplied face shields and safety equipment and that he had a liquidating company that sold inventory that was either overstocks or closeouts;

(5) that she paid Eddie by cash because he gave her one price and then said that he could give her a better price if she paid cash, and it seemed economically feasible to do that;

(6) that Eddie delivered the triacetate face shields to her office;

(7) that Eddie delivered the triacetate face shields to her office as part of the negotiations because he said that if she could wait until Saturdays, he could personally deliver them and that would save her freight charges;

(8) that Eddie delivered the items she ordered from him on Saturdays;

(9) that the way the contacts were made for each of the purchases was that Eddie would call and tell her he had a supply of face shields and ask if she was interested, she would tell him "yes" or "no," and they would arrange for when he would bring them to her;

(10) that government exhibit 33 was the ticket that Eddie would give her when he would make a delivery;

(11) that she got the cash to pay American Liquidators from her father;

(12) that she got the cash from her father because she knew he had the cash and knew that he had given money to her sister and all her brothers over the years and felt like she could get the cash from him;

(13) that she got six cash payments from her father because that was the number of shipments of triacetate face shields she got from American Liquidators; and

(14) that Eddie sometimes contacted her two or three weeks, sometimes maybe a month or so, in advance before he would deliver face shields on a Saturday.

III

Any objections to these tentative findings must be filed in writing no later than the deadline previously set in the sentencing scheduling order for filing objections to the presentence report.

**SO ORDERED**.

August 3, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE